294 So.2d 305 (1974)
Rudolph Valentine LEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 44903.
Supreme Court of Florida.
April 19, 1974.
Rehearing Denied June 7, 1974.
Roy E. Dezern and Walter R. Stedeford, Jacksonville, for petitioner.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
Tobias Simon, Miami, Jack Greenberg, James M. Nabrit, III, David Evan Kendall *306 and Peggy C. Davis, New York City, Anthony G. Amsterdam; and Jack Himmelstein, New York City, for amicus curiae, N.A.A.C.P. Legal Defense and Educational Fund, Inc.
Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for amicus curiae, The Fourth Judicial Circuit of Florida.
McCAIN, Justice.
This cause is before this Court on a petition for writ of certiorari seeking to have reviewed a certified question of great public interest[1] decided by the District Court of Appeal, First District. We have jurisdiction pursuant to Florida Constitution, Art. V, § 3(b)(3), F.S.A.
The petitioner was found guilty of murdering a police officer who approached Lee during the alleged commission of a rape. After trial, the jury failed to recommend mercy and on June 22, 1972, the trial court imposed the death penalty. One week later, the United States Supreme Court rendered its decision in Furman v. Georgia,[2] which had the indirect effect of abolishing capital offenses. The death penalty was not found to be absolutely void, since it was the vesting of complete discretion in the sentencing procedure which dictated the decision in Furman.[3] Thereupon, on July 19, 1972, the petitioner filed a motion pursuant to Criminal Rule 1.800 (now 3.800), 33 F.S.A., seeking to have his sentence of death set aside on the grounds enumerated in Furman.
On July 21, 1972, the trial court entered its order vacating the death sentence and imposed a life sentence upon the petitioner. The State appealed from that order. During the pendency of that appeal, various changes occurred in the law governing sentencing in capital cases: Chapter 72-72, Laws of Florida, became effective, amending Fla. Stat. § 921.141, F.S.A. and later, Chapter 72-724, Laws of Florida, amended Chapter 72-72. This last amendment to Florida Statute § 921.141, F.S.A., was upheld by this Court in Dixon v. State,[4] on July 26, 1973. Upon that decision and the statutory authority, the District Court reversed the order vacating the death sentence and remanded the case for a trial on the issue of penalty under the new statute. After the District Court denied a petition for rehearing, petition for writ of certiorari was filed with this Court.
The District Court ruled that sentence could be imposed pursuant to Florida Statutes § 921.141, F.S.A., as amended by Chapter 72-724, Laws of Florida, even though said act was passed subsequent to the commission of the offense, saying:
"When measured against ex post facto principles discussed above, it is clear that invocation of the new penalty statute does not collide with the constitution's ex post facto provisions."
Upon a finding that the procedure for the imposition of sentence was then constitutional, the Disrict Court stated simply that:
"... [W]e are bound to reverse the order setting aside appellee's death sentence and remand with directions that appellee be given a new trial on the issue of penalty only in accordance with Section 921.141, Florida Statutes, F.S.A., which has recently been upheld by our Supreme Court in State v. Dixon, supra."
Under such a remand, two problems become apparent which have not been considered: whether the new penalty provision, Section 775.082 as amended by Chapter 72-724, Laws of Florida, specifically mentioned by Section 921.141, is applicable; *307 and, what authority empowers the trial court to impanel a second jury to hear the evidence and recommend the penalty.
As to the first of these two questions, under the latest statement of Section 921.141, F.S.A., the statute provides:
"(1) Upon conviction or adjudication of guilt of a defendant of a capital felony the court shall conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to death or life imprisonment as authorized by section 775.082."

Under the prevailing Section 775.082, as amended by Chapter 72-724, Laws of Florida, a new provision has been added which had not been in force and effect at the time of the commission of the offense for which the defendant was charged, to-wit:
"(1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than twenty-five (25) calendar years before becoming eligible for parole (unless sentenced to death)." (Emphasis supplied.)
To expose this petitioner to a greater penalty than that which originally could be imposed at the time of the commission of the offense would be an ex post facto application and hence clearly unconstitutional. For a comparison of the lesser parole provisions, see: Fla. Stat. §§ 944.30, 947.16 (1971), F.S.A.
Therefore, that portion of the penalty provision dealing with the amount of punishment is clearly a creature of statute and as such forms part of the substantive law. If the subsequent statute merely re-enacted the previous penalty provisions without increasing any penalty provision which could have been imposed under the statute in effect at the time of the commission of the offense, then there could be no application of a subsequent penalty provision which would do violence to the concept of an expost facto law. Since this is not the case, that portion of the District Court's opinion dealing with which law is applicable for the imposition of sentence, Fla. Stat. § 775.082, F.S.A., as amended by Chapter 72-724, must be reversed with instructions to apply the penalty provision in effect at the time of the commission of the offense.
The second question raised by the decision is not so summarily answerable. Under the 1971 penalty statute, when the jury initially passed upon the question of guilt or innocence, it would simultaneously decide to recommend or withhold a recommendation of mercy. There was therefore no abject problem created by the inability or impossibility of the jury reaching a decision on the question of punishment.
However, when the Legislature passed Chapter 72-72, Laws of Florida, effective October 1, 1972, the effect of that statute was to segregate the determination of guilt or innocence from the determination of the recommendation of mercy.
"(2) Separate Proceedings on Issue of Penalty.  (a) The guilt or innocence of every person charged with an offense for which the death penalty may be imposed, upon conviction, shall be determined first without a finding as to penalty. If such person has been found guilty of an offense for which the death penalty may be imposed, there shall be further proceedings on the issue of the penalty, and the trier of fact shall fix the penalty... ."
The only requirement thus placed upon the subsequent determination of penalty, which if of concern here, is the requirement that where the jury is the trier of fact, the determination of whether to recommend mercy shall be made by the same jury. "If the defendant was convicted by a jury, the trier of fact shall be the same jury."[5]
This mandatory language could create an impossible situation where after the initial *308 determination of guilt, the alternative juror is dismissed and one or more members of the panel die prior to the recommendation of sentence. Under these facts, without a provision in the statute for the impaneling of a second jury, the defendant might have to be re-tried if the question of double jeopardy was not a problem. This problem was indirectly covered under Chapter 72-72 where the following language was provided:
"... In any case in which the defendant has been found guilty by jury, and the jury is unable to reach a verdict on the issue of penalty because of the inability of one or more of the jurors to function, the court shall dismiss the jury and order a new jury impaneled to determine the issue of penalty."
Unfortunately when the Legislature enacted Chapter 72-724 which resulted in a "[s]ubstantial rewording" of Section 921.141, the provision permitting the trial judge to impanel a new jury to determine the issue of penalty was omitted. This omission has permitted an impossible situation to exist.
Clearly once the jury has been discharged it cannot be re-impaneled to hear any matters relating to the same case.
"... Ordinarily, the effective discharge of a jury is evidenced by the announcement of that fact by the court, and it is perhaps not to be construed so much an order as a mere announcement of the fact by the court when it says to the jury, `You are discharged.' It is not so much what is said in passing as what is actually done and acted upon that determines the question of discharge. Without specific announcement, a jury may tacitly be permitted to retire and mingle with the bystanders after rendering its verdict, and thereby become effectively and irrevocably discharged. On the other hand, it may remain undischarged and retain its functions, though discharge may have been spoken by the court, if, after such announcement, it remains an undispersed unit, within control of the court, with no opportunity to mingle with or discuss the case with others, and particularly where, as here, the very case upon which it has been impaneled is still under discussion by the court, without the intervention of any other business."[6]
Thus in this case, the original jury cannot now be re-impaneled for the sole determination of the issue of punishment, nor does it appear from the statute, § 921.141, that a new jury may be so impaneled:
"... If the trial jury has been waived or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose unless waived by the defendant."[7]
There are no other circumstances enumerated under this statute for the impaneling of a second jury to hear the issue of penalty. Since the question raised is one of the procedure to be used for the imposition of sentence, it is properly within the constitutional authority for determination by this Court,[8] and there is precedent for the impaneling of a second jury solely for the imposition of penalty in a capital case absent statutory authority. See: Barlow v. Taylor, 249 So.2d 437 (Fla. 1971).
It is therefore the ruling of this Court that since, through impossibility and inability, the trial jury is unable to reconvene for a hearing on the issue of penalty, having determined the guilt of the accused, the trial judge is ordered that a second jury be impaneled to make its recommendation *309 regarding the issue of the imposition of penalty.
The decision of the District Court is reversed in part and affirmed in part with directions to proceed consistently with the view expressed herein.[9]
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and DEKLE, JJ., concur.
NOTES
[1] Whether the trial court erred in ordering that the sentence of death imposed upon the petitioner be set aside and vacated and imposing the sentence of life imprisonment?
[2] 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
[3] State v. Dixon, 283 So.2d 1, 6 (Fla. 1973).
[4] Id.
[5] Section 921.141(2)(a) (1972).
[6] Summers v. United States, 11 F.2d 583, 586 (4th Cir.1926), cert. den. 271 U.S. 681, 46 S.Ct. 632, 70 L.Ed. 1149 (1927); See also: Crawford v. United States, 109 U.S. App.D.C. 219, 285 F.2d 661, 663 (1960).
[7] Chapter 72-724(1), Laws of Florida (1972).
[8] Florida Constitution, Art. V, Section 2(a) (1972).
[9] We are not unmindful of the decisions in Anderson v. State, 267 So.2d 8 (Fla. 1972) and In re Baker, 267 So.2d 331 (Fla. 1972). However these cases dealt with the law as it existed at that time, prior to the effective date of the new capital crime act, and were not prospective as to the effect of the subsequent legislation. We are here concerned with the effect of this legislation.