PER CURIAM.
On December 29, 1972, appellant-defendant Smith was informed against for the crime of first degree murder. Thereafter he was tried by a jury of six citizens resulting in a verdict of guilty of manslaughter. In November of 1973 Smith filed a timely notice of appeal to this Court and by October of 1974 all of the necessary briefs and record on appeal had been filed. At that juncture, Smith’s case was assigned to the Court for its consideration.
On November 1, 1974, this Court stayed all further proceedings in this cause until *225 such time as the Supreme Court of the State of Florida rendered a decision in Lowe v. Stack, Supreme Court Case No. 46,015. In its stay order this Court noted that the sole meritorious point posed by appellant Smith is whether after October 1, 1972, in order to be tried for first degree murder, Smith had to be indicted and tried by a jury of twelve citizens. The Supreme Court of the State of Florida had answered this question in the affirmative in State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla.1974). However, the Florida Supreme Court, at the time the initial stay order was entered in this case, had again taken the identical question under advisement in Lowe v. Stack, supra.
On December 18, 1974, the Florida Supreme Court entered its opinion in Lowe v. Stack in which it concluded that after October 1, 1972, in order for a person to be tried for first degree murder, the person must first be indicted and tried by a jury of twelve citizens. However, on March 19, 1975, the Florida Supreme Court granted a Petition for Rehearing in Lowe v. Stack and the case is still pending before the high court.
It is emphasized that appellant Smith was informed against for the crime of first degree murder on December 29, 1972, and has been since November 2, 1973, in prison in the custody of the Division of Corrections as a result of this information and its ensuing trial by six citizens. During this period of time, the Florida Supreme Court has grappled with the question of whether after October 1, 1972, it was necessary in order that persons such as appellant Smith be convicted of a capital offense that they first be indicted by a grand jury and thereafter tried and found guilty by a jury of twelve citizens. Due to the inordinate delay in the Florida Supreme Court reaching an ultimate conclusion in Lowe v. Stack, supra, and due to the grave constitutional questions which surround the imprisonment of appellant Smith, we hereby reverse the same and remand the cause to the trial court for further proceedings consistent with Lowe v. Stack, supra.
Reversed and remanded.
RAWLS, C. J., and JOHNSON and MILLS, JTJT., concur.