326 So.2d 1 (1974)
James Thomas LOWE, Petitioner,
v.
Edward STACK, Sheriff of Broward County, Florida, Respondent.
No. 46015.
Supreme Court of Florida.
December 18, 1974.
On Rehearing July 30, 1975.
Stanley L. Seligman, Hollywood, for petitioner.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for respondent.
McCAIN, Justice.
Petitioner, via application for habeas corpus, to which the writ was issued and a return was requested and received, is attempting to break the apparent insurmountable cordillera of the charge against *2 him for first degree murder and his conviction as charged.
His attack's cordon, without Corinthian aspects, is a clamorous censure asserting departure from essential law and seeks a diastole approach to what he asserts to be the true concept of legal construction of our law. In effect, he opposes any systole application.
With diatonic rhythm, he has set forth his reasons for illegal detainer, and, therefore, let us direct our attention to not only a problem worthy of discussion but also to arriving at an answer with a non-disastrous result.
Oral argument is dispensed with and we have jurisdiction pursuant to Art. V, § 3(b)(6), Florida Constitution.
The provocative issue before us arose when petitioner was informed against (not indicted) on November 20, 1972, for an alleged first degree murder committed on November 13, 1972.
Ergo, the basic issue arises as to whether petitioner's trial should have been pursuant to indictment as opposed to only an "information".
It appears that the effect of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and the interrelation of State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974), and the subsequent determination in Lee v. State, 294 So.2d 305 (Fla. 1974), are apparently still unclear.
At the time of the rendition of the decision in Furman, neither Chapter 72-72 nor Chapter 72-724, Laws of Florida were in effect. The statute in effect was Chapter 70-339, Laws of Florida, better known as Section 921.141, Florida Statutes (1971). This section is the procedural provision styled "Recommendation of Mercy". It was this statute, designating the procedure to be used for the determination of the imposition of the death penalty, that was before the Supreme Court of the United States and determined to be unconstitutional in Furman and not Chapter 72-72 nor Chapter 72-724, Laws of Florida.
Almost coincidentally with the determination of Furman, the Florida Legislature Chapter 72-72. Ultimately, the procedure used for the determination of the imposition of the death penalty, as set out in Chapter 70-339, Laws of Florida, was held unconstitutional in Furman on July 24, 1972, and shortly thereafter, on October 1, 1972, the new procedure enumerated in Chapter 72-72, became effective.
It is clear that the procedure set out in Chapter 72-72 is significantly different than that previously found in Chapter 70-339 but strikingly similar to the language and procedure found in the later act, Chapter 72-724. The obvious intent of the Legislature in passing Chapter 72-72 was to cure the very defect the Supreme Court of the United States was to later find in Chapter 70-339. Chapter 72-72 was curative and the later act, Chapter 72-724, merely extended the procedure initially enumerated in Chapter 72-72.
There is an additional change to the language of Section 921.141, F.S., propounded by the 1974 Legislature as a result of the decision in Lee. See S.B. 974, appearing as Chapter 74-379, Laws of Florida. Each subsequent refinement does not invalidate a previous enactment unless it is expressly stated in the law and it is not so stated in any of these acts.
As to the next contentions, neither Donaldson v. Sack, 265 So.2d 499 (Fla. 1972), nor State v. Dixon, 283 So.2d 1 (Fla. 1973) have any effect upon the decision in Manucy nor are they applicable to the situation presented herein.
It is true that Donaldson, was decided after the enactment of Chapter 72-72 but before the effective date of that act, and it further should be noted that Chapter 72-72 was the first act to expressly deal with bifurcated trials on the issue of penalty. Donaldson, by its very language, does not *3 deal with bifurcated trials and therefore does not treat Chapter 72-72.
"Bifurcated Trial
"Fla. Stat. § 921.141(2)(a), as amended by § 1, Ch. 72-72, effective 10-1-72, applies to criminal offenses which may be punished by death and requires separate trials on the issues of innocent v. guilt and life v. death. Such matter of bifurcated trials is not of concern and of course is not applicable at this point." (265 So.2d 499, 504, Emphasis supplied.)
The Manucy case dealt with just this issue and determined that Donaldson was not controlling, stating:
"... In Donaldson v. Sack, decided in the aforementioned interim period on July 17, 1972 (prior to the denial of rehearing in Furman), this Court did not speculate as to the necessity of an indictment for capital offenses after the effective date of the new death statute." (293 So.2d 345, 348.)
Manucy, in speaking of the new death statute was specifically referring to Chapter 72-72.
Finally, as to the significance of Dixon on the issue under review, it is clearly inapplication in that Dixon was decided after the effective date of Chapter 72-724. When Chapter 72-724 became effective, it supplanted Chapter 72-72 and there was no reason in Dixon to rule upon the validity of the earlier enactment.
The Manucy decision is therefore correct in its statements of law. The capital offense as defined by the possibility that the death penalty could be imposed was re-established on the effective date of Chapter 72-72. As contended, Chapter 72-72 is a procedural statute, however, it was the procedure for the imposition of the death penalty that was held unconstitutional in Furman which directed its conclusion to that of the prior act, Chapter 70-339. It is strange to note that Chapter 72-724 is also a procedural statute, and, in fact, uses most of the language and procedure found in Chapter 72-72.
Therefore, capital offenses were reinstituted on October 1, 1972, the effective date of Chapter 72-72. The interpretation of Manucy made by the Petitioner is correct and the Petitioner should have been indicted. Art. I, § 15(a), Florida Constitution.
Therefore, the trial of the Petitioner under the "information" was void and in error. Accordingly, we reverse the same and remand the cause to the trial court for further proceedings consistent herewith.
ROBERTS, Acting C.J., and ERVIN, BOYD and DEKLE, JJ., concur.

ON REHEARING
PER CURIAM.
On rehearing granted and further consideration, we adhere to the original opinion.
It is so ordered.
ADKINS, C.J., and BOYD, OVERTON and ENGLAND, JJ., concur.
ROBERTS, J., dissents.