340 So.2d 474 (1976)
Rudolph Valentine LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 47690.
Supreme Court of Florida.
December 9, 1976.
Roy E. Dezern and Walter R. Stedeford, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky and Richard L. Wilson, Asst. Attys. Gen., for appellee.
PER CURIAM
On June 22, 1972, appellant was adjudicated guilty of murder in the first degree and sentenced to death. One week later the United States Supreme Court decided Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which held unconstitutional the imposition of the death *475 penalty in the cases before it. On July 19, 1972, appellant filed a motion to correct his sentence because it was illegal under Furman. The trial court granted the motion, appellant's sentence was reduced to life imprisonment, and the State appealed to the First District Court of Appeal.
Before the District Court rendered a decision, the death sentences of every other defendant condemned to death under Florida's pre-Furman death penalty statute were reduced. In re Baker, 267 So.2d 331 (Fla. 1972); Anderson v. State, 267 So.2d 8 (Fla. 1972); Adderly v. Wainwright, 58 F.R.D. 389 (M.D.Fla. 1972). At the time these decisions were rendered, appellant was under a sentence of life imprisonment and therefore was not affected by them. While appellant's appeal was pending before the District Court, the Legislature passed a death penalty statute designed to meet Furman objections, Section 921.141, Florida Statutes (1973), and the statute was upheld as constitutional by this Court, State v. Dixon, 283 So.2d 1 (Fla. 1973). Applying the new statute, the District Court reversed the order which had reduced appellant's sentence and held that subjecting appellant to the new sentencing procedure did not collide with constitutional ex post facto principles. State v. Lee, 286 So.2d 596, 600 (Fla. 1st DCA 1974).
This Court reversed, in part, on a question not considered by the District Court, but affirmed, in part, and remanded for a sentencing procedure under the new death penalty statute. Lee v. State, 294 So.2d 305 (Fla. 1974). The sentencing procedure was conducted and appellant was again sentenced to death. We now review the second sentence of death.
Had the able attorney who represented the appellant at trial not requested the trial judge to reduce the death sentence under the then-recent Furman decision, this appellant's sentence would have been reduced to life in Anderson v. State, supra. The United States Supreme Court in upholding our death penalty statute this year noted specifically that it is our responsibility to "review each death sentence to ensure that similar results are reached in similar cases." Proffitt v. Florida, 428 U.S. 242, 258, 96 S.Ct. 2960, 2969, 49 L.Ed.2d 913 (1976), citing State v. Dixon, 283 So.2d 1, 10 (1973). We do not think the question of whether a person should live or be put to death by the State should be determined by the legal procedures of when his request for reduction of sentence was made. We hereby recede from our prior decision in Lee v. State, 294 So.2d 305 (Fla. 1974), to the extent that it conflicts herewith.
We have considered the issue carefully, and it is our judgment that the constitutional mandate of equal protection requires reduction of appellant's sentence from death to life.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS and ROBERTS (Retired), JJ., dissent.