358 So.2d 557 (1978)
Michael HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 75-165.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Rehearing Denied May 31, 1978.
*558 Andrew I. Friedrich, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
This is an appeal from a conviction and sentence of life imprisonment for murder in the first degree. The determinative issue is whether the information filed against the defendant was sufficient to evoke the jurisdiction of the circuit court to try the defendant for first degree murder. We hold that it was not and reverse.[1]
The offense was committed on July 6, 1972; eighteen days before the effective date of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). At that time Article I, Section 15(a) of the Florida Constitution (1968) and Fla.R. Crim.P. 3.140(a)(1) required that prosecution for a capital crime be initiated by presentment or indictment by a grand jury. However, Furman invalidated the existing death penalty statute, thus abrogating the classification "capital crimes" in Florida until revived by subsequent remedial legislation. Donaldson v. Sack, 265 So.2d 499 (Fla. 1972). Effective October 1, 1972, capital offenses were reinstated by legislative enactment. § 921.141, Fla. Stat. (1973); Lowe v. Stack, 326 So.2d 1 (Fla. 1974). Subsequently, on August 27, 1973, the charging document was filed. The prosecutor, relying on Furman, concluded that a first degree murder committed before the effective date of the new death penalty statute was not a capital crime since the new statute could not be applied ex post facto. He therefore filed an information charging first degree murder rather than seeking a grand jury indictment. Although the prosecutor's conclusion was not altogether unreasonable at the time the information was filed, the Florida Supreme Court has since resolved the question State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974).[2] The operative facts in Manucy are indistinguishable from the present case; the crucial factor in both is that the charging document was filed after the effective date of the new death penalty statute. On authority *559 of Manucy we reverse the defendant's conviction and sentence.[3]
The defendant has also raised two other points on appeal concerning the voluntariness of a confession admitted into evidence during trial and the alleged failure of the State to establish the corpus delicti of first degree murder independently of the confession. Although we must reverse on the first issue discussed above, we have considered the two remaining points on appeal and find them to be without merit.
REVERSED.
DAUKSCH, J., concurs.
MOORE, J., concurs specially, with opinion.
MOORE, Judge, concurring specially:
I join in the opinion of the Court solely on the basis of the United States Supreme Court's decision in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); holding that the re-enactment of the death penalty, Section 941.141, Florida Statutes (1972), effective October 1, 1972, was not violative of the constitutional prohibition against ex post facto laws when applied to crimes committed prior to the effective date of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); and Donaldson v. Sack, 265 So.2d 499 (Fla. 1972).
In my opinion, a reversal of the conviction in this case is in direct conflict with the theory expressed in Donaldson v. Sack, supra, which theory is inconsistent with the holding in State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974).
The critical dates in all of these cases, including the case at bar, are July 24, 1972, the effective date of Furman v. Georgia, supra; October 1, 1972, the effective date of Section 921.141, Florida Statutes (1972) re-enacting "capital crimes" in Florida; and the respective dates of the alleged crimes and the filing of charging documents.
In Donaldson, the Court held that it was no longer necessary to indict for a "capital case" because there was no longer any "capital offense." In view of Furman, that was the only logical holding at which the Court could have arrived, but the Court did not speculate as to its holding in the event of a re-enactment of capital offenses. Without receding from, or overruling, Donaldson, the Court then held in Manucy (decided before Dobbert, supra), that an indictment by a grand jury was necessary to charge a "capital crime" if the charge was made after the effective date of Section 921.141, Florida Statutes (1972), even though the crime charged occurred prior thereto and was not a capital crime because of Furman. The theories of the holdings in Donaldson and Manucy are absolutely inconsistent with regard to the necessity of an indictment as opposed to an information.
In my opinion, the controlling factor should be whether or not the offense charged is a capital offense. If it is, presentment of an indictment by a grand jury is absolutely necessary. Fla. Const., Art. I, § 15. If it is not, an information filed by the State Attorney will suffice.
In the case at bar, appellant is alleged to have committed first degree murder on July 6, 1972, a crime controlled by Furman and for which the death penalty was available only because of Dobbert, supra. Were it not for Dobbert, I would follow the rationale of Donaldson and affirm. It is unfortunate that the State Attorney did not have the benefit of Dobbert, supra, when filing the information in the instant case.
NOTES
[1] The State initially argues that the defendant's failure to file a pretrial motion to dismiss challenging the propriety of the charging instrument pursuant to Fla.R.Crim.P. 3.190 precludes review by this court. We reject this argument because the defect affected the very jurisdiction of the circuit court to proceed to trial.
[2] Manucy was decided one month before the defendant was adjudicated guilty and sentenced.
[3] We observe that if the State attempts to retry the defendant after obtaining a grand jury indictment, the defendant will not be able to effectively assert the two-year statute of limitations applicable to non-capital crimes. Manucy, supra. Where a first degree murder was committed before the effective date of Furman, there is no statutory bar to prosecution anytime afterwards. Compare, Reino v. State, 352 So.2d 853 (Fla. 1977), for offenses, previously classified as capital crimes, committed during the hiatus period between the effective date of Furman (July 24, 1972) and the effective date of the new death penalty statute (October 1, 1972).