PER CURIAM.
On this appeal from the denial of his motion to vacate, set aside or correct sentence filed pursuant to Fla.R.Crim.P. 3.850, Edward Bell contends that the trial court committed fundamental error in trying him under an information for a capital offense. We agree and reverse.
On June 10, 1972, appellant was arrested for first degree murder, which was then a capital offense. On July 24, 1972, Florida’s statutory procedure for imposing the death penalty became unconstitutional by the decision of the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). On July 27, 1972, an information was filed against appellant charging him with first degree murder. On October 1, 1972, Florida’s new death penalty statute became effective. Appellant’s case was originally set for trial on October 23, 1972, but there was a lengthy delay while appellant’s competency to stand trial was being determined. Appellant was finally tried under the July 27,1972 information on January 17,1974 by a six-man jury; he was convicted as charged and sentenced to life imprisonment.
In abolishing Florida’s death penalty, the United States Supreme Court also, in effect, abolished the classification of capital crimes, which, by definition, are crimes punishable by death. State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla.1974).
The offense with which appellant was charged was committed on June 10, 1972, prior to Furman, and he was tried in January 1974, 15 months after reinstatement of the death penalty in Florida. First degree murder was a capital offense both at the time when the crime was committed and at the time when appellant was tried, so appellant was subject to the death penalty. Miller v. State, 332 So.2d 65 (Fla.1976).
In Miller the offense (first degree murder) was committed and the defendant was indicted prior to the Furman decision, but the defendant was not tried until after the new death penalty statute went into effect. He was convicted and sentenced to death. He contended on appeal that he was not subject to the death penalty because the penalty statute in effect at the time the offense was committed had been declared unconstitutional. The Florida Supreme Court disagreed, although it remanded for a new sentencing hearing due to the trial court’s failure to conform to the statutory procedures.
Article I, Section 15, Florida Constitution, provides in pertinent part: “No person shall be tried for capital crime without presentment or indictment by a grand jury . . .” While the filing of the information against appellant during the interim period (July 27, 1972) was proper when done because at that point there were no capital offenses, the requirement of Article I, Section 15, Florida Constitution was once again controlling sub judice as of the effective date *8 of the new death penalty statute. Manucy, supra, and Lowe v. Stack, 326 So.2d 1 (Fla.1974).
Manucy, supra, came before the Florida Supreme Court on a petition for writ of prohibition. The offense with which Manu-cy was charged was committed prior to Furman ; the information against him was filed after the new death penalty statute became effective. The court stated at 348:
“In Donaldson v. Sack [265 So.2d 499 (Fla.1972) supra], decided in the aforementioned interim period on July 17, 1972 (prior to the denial of rehearing in Fur-man), this Court did not speculate as to the necessity of an indictment for capital offenses after the effective date of the new death statute.
“ ‘. . . Such matter of bifurcated trials is not of concern and of course is not applicable at this point “ ‘It therefore follows that until further legislation a grand jury can no longer indict for a “capital case” by that name because there is no “capital offense” for which they can do so.’
“The Court was obviously dealing with the procedure for commencing criminal actions during the interim period. Subsequent to the effective date of Fla.Stat. § 921.141, F.S.A. (1972) the definition of capital crimes was re-vitalized. The requirement of Fla.Const., Art. I, § 15, which commands that indictment in ‘capital cases’ shall only be by indictment by a grand jury, was once again controlling.” [footnotes omitted]
Although the information in Manucy was filed after, rather than during, the interim period, this factual distinction does not require a different result here. The supreme court’s reasoning mandates a requirement that if a defendant is to be tried for a capital offense, he must be charged by indictment, regardless of whether an information has previously been filed against him which was valid when filed.
We hold that appellant’s trial under the information was void. Lowe v. Stack, supra. Accordingly, the judgment and sentence must be reversed.
In view of our holding, we find it unnecessary to address the remaining points raised by appellant. The judgment and sentence are vacated and the cause remanded for further proceedings not inconsistent with this opinion.
HOBSON, Acting C. J., and OTT and DANAHY, JJ., concur.