374 So.2d 1154 (1979)
Everett BRADLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2389.
District Court of Appeal of Florida, Third District.
September 18, 1979.
*1155 Bennett H. Brummer, Public Defender and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendant appeals from the summary denial of his Fla.R.Crim.P. 3.850 motion to vacate his conviction and sentence of life imprisonment for first degree murder.
On December 14, 1972, Bradley was informed against, rather than indicted, for the first degree murder of one Robert Feaster which allegedly occurred on October 19, 1972, subsequent to the October 1, 1972 effective date of Florida's reenactment of the death penalty in Section 921.141, Florida Statutes (1972). The law of our state is now well-established, notwithstanding the fact that Bradley never faced and was not in fact sentenced to death,[1] that his trial and conviction were wholly void. This is so because, under Article I, Section 15(a) of the Florida Constitution, a grand jury indictment was required validly to commence proceedings for the "capital crime" of first degree murder. Lowe v. Stack, 326 So.2d 1 (Fla. 1974); State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974); Hunter v. State, 358 So.2d 557 (Fla. 4th DCA 1978), cert. denied, 365 So.2d 712 (Fla. 1978); see also Bell v. State, 360 So.2d 6 (Fla.2d DCA 1978), cert. denied, 372 So.2d 445 (Fla. 1979). It is just as clear, contrary to the state's contention, that the jurisdictional deficiency may be challenged, as here, by a Rule 3.850 motion, and need not be raised in a motion to dismiss the information. Bell v. State, supra; State v. Hunter, supra. In accordance with these authorities, we have no choice[2] but to reverse the order below and to remand the cause with directions to vacate and set aside the appellant's conviction and sentence. It is so ordered.
Reversed and remanded with directions.
NOTES
[1] As did the supreme court in Bell v. State, infra, see dissenting opinion of Justice Alderman at note 1, this court inquired of Bradley's counsel at oral argument whether his client was aware of and wished to undergo the risk, if he were now to be indicted for first degree murder of facing the possible imposition of the death penalty. As did Bell's lawyer, counsel answered in the affirmative.
[2] Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).