385 So.2d 739 (1980)
Willie Fred HOWARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-187.
District Court of Appeal of Florida, Third District.
July 15, 1980.
Willie Fred Howard, in pro. per.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The aftermath of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), decided June 29, 1972, which abolished the death penalty, is still upon us.
Following abolition of the death penalty in Furman, prosecutors properly charged persons accused of first degree murder by information. After the Legislature *740 revitalized the death penalty by the enactment of Section 921.141, Florida Statutes (Supp. 1972), effective October 1, 1972, the trial of a defendant charged with first degree murder, by information, was void because Article I, Section 15(a) of the Florida Constitution prohibits any person from being tried for a capital crime without presentment or indictment by a grand jury. Lowe v. Stack, 326 So.2d 1 (Fla. 1975); State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974). This is so notwithstanding the fact that a defendant never faced nor in fact was sentenced to death. Bradley v. State, 374 So.2d 1154 (Fla. 3d DCA 1979).
In the present case, the defendant was charged, by information filed on January 18, 1973, with first degree murder of Johnnie L. Williams, which crime was allegedly committed on November 5, 1972. The defendant was tried before a six-person jury and convicted of murder in the second degree on May 30, 1973. Upon the rationale of Lowe v. Stack, supra, the trial of the defendant was void and his adjudication and sentence must be reversed. See also Bell v. State, 360 So.2d 6 (Fla. 2d DCA 1978), cert. denied 372 So.2d 445 (Fla. 1979); Smith v. State, 315 So.2d 224 (Fla. 1st DCA 1975).
The trial of the defendant was void; however, for the purpose of tolling the applicable period of limitations[1] with respect to second degree murder and other lesser included offenses, his prosecution by information was timely commenced. Lowe v. Stack, supra; Bradley v. State, supra; Bell v. State, supra.
For the jurisdictional infirmity disclosed, the denial of the defendant's motion for postjudgment relief pursuant to Florida Rule of Criminal Procedure 3.850 was error. Bradley v. State, supra; Bell v. State, supra. Accordingly, the defendant's judgment and sentence are reversed and remanded for further proceedings.
NOTES
[1] Former § 932.465, Fla. Stat. (1971).