398 So.2d 508 (1981)
Clifford Joseph MILLIKEN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-889.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant was charged by a four count information with sexual battery upon a person eleven years of age or younger which is a capital felony under section 794.011(2), Florida Statutes (1979).
Section 794.011(2) provides:
A person 18 years of age or older who commits a sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in §§ 775.082 and 921.141... . (Emphasis added.)
Article I, section 15(a), Florida Constitution, provides:
No person shall be tried for capital crime without presentment or indictment by a grand jury... .
The state contends that appellant's crimes involved a "normal" sexual battery situation and that imposition of the death penalty was therefore impermissible. See Purdy v. State, 343 So.2d 4 (Fla. 1977), thus making the crime non-capital and obviating the need to proceed by indictment.
Article I, section 15(a), clearly prohibits any person from being tried for a capital crime without presentment or indictment by a grand jury. Lowe v. Stack, 326 So.2d 1 (Fla. 1975); State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974). This is so notwithstanding the fact that defendant never faced nor in fact was sentenced to death. Howard v. State, 385 So.2d 739 (Fla. 3d DCA 1980); Bradley v. State, 374 So.2d 1154 (Fla. 3d DCA 1979).
A trial under an information charging a capital felony is void and the adjudication and sentence must be reversed. Howard v. State. Appellant's failure to move to dismiss the information either before or during trial is not fatal since the defect affected *509 the jurisdiction of the circuit court to proceed to trial. Bradley v. State; Hunter v. State, 358 So.2d 557 (Fla. 4th DCA 1978).
Appellant's trial and conviction are void and the adjudication must be REVERSED.
SHARP and COWART, JJ., concur.