481 So.2d 478 (1985)
Raymond STONE, Petitioner,
v.
STATE of Florida, Respondent.
No. 63638.
Supreme Court of Florida.
November 27, 1985.
Rehearing Denied February 6, 1986.
Susan Cary, Gainesville, and Donald M. Middlebrooks of Steel, Hector & Davis, Miami, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
Raymond Stone appeals the denial without a hearing of his motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. While this appeal was pending, defense counsel discovered the existence of a claim allegedly in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This Court granted a motion to relinquish jurisdiction to the trial court for further findings in conjunction with the facts alleged in the motion. After an evidentiary hearing was held on the Brady claim, the trial court entered its order denying relief. This appeal followed. The parties, after receiving permission from this Court, have filed Supplemental Briefs on the Brady issue. Regarding the initial motion for post-conviction relief, since we find that the motion and the files in the case conclusively show that appellant is not entitled to relief, we affirm the order of the trial court denying the motion without an evidentiary hearing. Foster v. State, 400 So.2d 1 (Fla. 1981). We also affirm the trial court's action denying appellant's second motion for post-conviction relief, after an evidentiary hearing, on the Brady claim.
Appellant was convicted of the first-degree murder of Jacqueline Smith and sentenced to death. This Court on direct appeal affirmed the conviction and sentence. Stone v. State, 378 So.2d 765 (Fla. 1979).
In his motion for post-conviction relief appellant asserted the following four grounds:

*479 I. Denial of a fair trial by an impartial jury.
II. Denial of effective assistance of trial counsel.
III. Deficiencies in jury instructions and findings of aggravated factors at sentencing.
IV. Unconstitutionality of the Florida death penalty as applied.
As asserted, Issues I, III, and IV either were or could have been raised on direct appeal and therefore are not proper matters to be considered in a motion for post-conviction relief. Meeks v. State, 382 So.2d 673 (Fla. 1980); Witt v. State, 387 So.2d 922 (Fla. 1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
Thus, only appellant's claim that he was denied the effective assistance of trial counsel remains to be resolved by this Court.
We will therefore proceed to evaluate the claim of legal incompetency according to the guidelines enunciated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also Knight v. State, 394 So.2d 997 (Fla. 1981).
Appellant argues that his trial counsel failed to properly investigate and present psychiatric evidence of appellant's deprived and depraved childhood in mitigation at sentencing. The trial court did not evaluate this claim, because it determined that the issue had been resolved by this Court on direct appeal. On direct appeal Stone argued that he should receive a new sentencing hearing because these same psychiatric reports were not presented to the jury, relying upon Messer v. State, 330 So.2d 137 (Fla. 1976), and Miller v. State, 332 So.2d 65 (Fla. 1976). In rejecting this claim we stated that "[n]either the judge nor defense counsel could be faulted for the absence of the reports at the jury phase of the sentencing hearing." 378 So.2d at 773. The point of this statement was to distinguish Messer and Miller, where the court had ruled similar evidence inadmissible when offered by defense counsel. It was not a determination of the competency of trial counsel.
However, upon evaluation of the files and record in this case, we conclude that the trial judge was correct in denying petitioner's claim of ineffective assistance of trial counsel, even if perhaps for the wrong reason. The standard in any case presenting an ineffectiveness claim is whether "counsel's assistance was reasonable considering all the circumstances." 104 S.Ct. at 2065. And, even if there is a professionally unreasonable error by counsel, it does not warrant setting aside the judgment if the error had no effect on the judgment. Id. at 2067. In order to prove prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. We hold that Stone has failed to show sufficient prejudice. The information contained in these psychiatric reports concerned an incident which occurred when Stone was eleven years old. The diagnostic report contained statements that Stone was of low average intelligence, that he had homosexual tendencies, he grew up in a reformatory, and that he fantasized getting revenge on certain individuals and society in general. As we stated on direct appeal, the remoteness of this evidence seriously affects its use as a mitigating factor. 378 So.2d at 773. Further, since Stone himself testified about his mental problems at the sentencing hearing, this evidence was merely cumulative and not new. In conclusion, given the aggravating circumstances attributable to this murder, we hold that there is no reasonable probability that the admission of this psychiatric evidence would have altered the conclusion reached by the jury. Hence, Stone's lack of showing of sufficient prejudice defeats the ineffectiveness claim.
Turning now to Stone's claim that the prosecution failed to disclose exculpatory information to the defense in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 1215 (1963), we conclude that the trial judge did not err in denying *480 what was essentially an additional 3.850 motion. Although the state argues a myriad of reasons why the motion should be denied, some of them procedural, some substantive, our disposition of this issue renders it unnecessary to discuss all but one. The rule enunciated in Brady is that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196. The test for materiality is whether the suppressed evidence "might have affected the outcome of the trial." United States v. Agurs, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976). This is the same test which the United States Supreme Court has espoused for determining the prejudice component of an ineffectiveness claim. Strickland v. Washington, 104 S.Ct. at 2068. The evidence which Stone asserts was withheld from defense counsel by the prosecutor is the same evidence which he claims his trial counsel was ineffective for not presenting at his sentencing. We held above the outcome of the trial would not have been different had this evidence been available at trial. This, then, defeats Stone's Brady claim as well, for the test of "materiality" of the suppressed evidence has not been met.
Accordingly, we hold that the trial court was correct in denying relief on Stone's post-conviction motions.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.