SEPTEMBER 23, 1986

No. A–224. DAVIS *v.* WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. Application for stay of execution of sentence of death, presented to JUSTICE POWELL, and by him referred to the Court, is granted pending the timely filing and disposition by this Court of a petition for writ of certiorari. Should the petition for writ of certiorari be denied, this stay terminates automatically. In the event the petition for writ of certiorari is granted, this stay shall continue pending the issuance of the mandate of this Court. JUSTICE REHNQUIST and JUSTICE O'CONNOR would deny the application for stay.

JUSTICE POWELL, with whom THE CHIEF JUSTICE joins, concurring.█

Allen Davis and Kenneth Hardwick were scheduled to be executed on September 23, 1986. On the morning of September 22, Davis and Hardwick filed habeas corpus petitions in the Florida Supreme Court, that has original jurisdiction to issue extraordinary writs under Florida Rule of Appellate Procedure 9.030(a)(3). The Florida court denied both applications by order, stating in each case that it would "file an opinion at a later date setting forth its reasons for the denial of the Petition." At 10:25 p.m. on that day, less than nine hours before the scheduled executions, Davis and Hardwick filed applications with me, as Circuit Justice, seeking stays of execution until this Court can consider their petitions for writs of certiorari to review the Florida decisions. The sole basis for their request is a claim that in Florida capital punishment

is applied discriminatorily on the basis of the race of the victim. I granted a temporary stay until September 23 at 3 p.m. and referred the applications to the full Court.

## I

The State asks us to deny the applications, claiming that Davis and Hardwick were barred by state law from raising their claims in the Florida Supreme Court. The State asserts that Davis' claim was barred because he did not raise it on direct appeal from his conviction. See *Stone* v. *State*, 481 So. 2d 478, 479 (Fla. 1985). The State also asserts that Hardwick's claim was filed in the wrong forum. See *Ford* v. *Wainwright*, 451 So. 2d 471 (Fla. 1984) (a claim may not be raised for the first time in original habeas proceedings in the Florida Supreme Court). According to the State, Hardwick's claim should have been filed in a Florida trial court under Florida Rule of Criminal Procedure 3.850. Davis and Hardwick ask us to ignore these procedural questions.

We note that Davis filed a habeas petition last night, September 22, in the Federal District Court for the Middle District of Florida (Black, J.). This morning, that court denied the petition and refused to grant a certificate of probable cause. Judge Black concluded that Davis had abused the writ by "intentionally delaying the raising of grounds for habeas relief."[1] 644 F. Supp. 269, 270 (1986).

Despite this record of unexplained delay, I concur in the Court's decision to grant these applications. They now raise claims similar to the issue presented in *Hitchcock* v. *Wainwright*, 476 U. S. 1168 (1986) (writ of certiorari granted), to be argued here on October 15, 1986. No Florida court has specifically addressed the State's contentions that the claims are procedurally barred. The Florida Supreme Court decisions may rest on those grounds, but that court has not published an opinion. In the past I have found procedural bars apparent on the face of a stay application. See *Woodard* v. *Hutchins*, 464 U. S. 377, 378 (1984) (POWELL, J., concurring). I am reluctant to do so here, however, because the alleged bars depend on an interpretation of state law. In these applications, I am unwilling to assume that the Florida Supreme

---

[1] Cf. Habeas Corpus Rule 9(a) (a petition may be dismissed if the State is "prejudiced in its ability to respond to the petition by delay in its filing" unless the petitioner shows that it is based on newly discovered grounds).

Court decisions rest on procedural grounds not apparent on the face of the orders.

## II

No explanation has been offered either by Davis or by Hardwick for waiting more than a month, and until the eve of the execution date, to assert the present claims in any court, state or federal. It is my understanding that the Florida Bar, at least since 1984, has assured state and federal courts that it would provide counsel promptly when needed in capital cases. Although unlikely, it may be that neither Davis nor Hardwick knew that counsel always were available. Nor are we informed as to when counsel were engaged in these cases. In any event, I suggest that counsel owe this Court a duty to explain why no action was taken until the day before the execution date, making it difficult both for the courts below and for this Court to make the carefully considered judgments so essential in capital cases. In the future, and here I can write only for myself, I will expect counsel whose papers are filed with me as Circuit Justice on the eve of the execution date to make an appropriate explanation.[2] Respect for this Court, as well as duty to the client, requires no less. If there has been deliberate or inexcusable delay, the appropriate Committee of the Florida Bar will be advised.

---

[2] Indeed, such an explanation should not be limited to the period following the setting of an execution date. As noted above, counsel are made available in Florida in every capital case. Following conviction and exhaustion of appeal remedies, counsel have a duty to proceed with reasonable promptness to pursue state and federal postconviction remedies *without awaiting* the setting of execution dates.