JOHN HOLLAND, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed March 22, 1922.

The Constitution provides that "No person shall be tried for a
capital crime or other felony, unless on presentment or in-
dictment by a grand jury, except as is otherwise provided

in this Constitution." The only exception other than impeachments and military trials, contained in the Constitution, is that a Criminal, Court of Record shall have jurisdiction of all criminal cases not capital which shall arise in the counties respectively and that "all offenses triable in said court shall be prosecuted upon information under oath, to be filed by the prosecuting . attorney." The statute provides for a change of venue from a Criminal Court of Record to the "Circuit Court of some adjoining county," and also provides that "no person shall ·be tried· for felony in the Circuit Court except upon indictment found by the grand jury." *Held,* That the stated statute authorizing a change of venue does not modify the statutory provision expressly . forbidding a trial in the Circuit Court for felony "except upon indictment found by the grand jury," and that under the quoted statute enacted pursuant to the Constitution, when a change of venue is had from a Court of Record to a Circuit Court, the trial in the Circuit Court must be upon indictment.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Reversed.

*John P. Stokes* and *W. W. Clark,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant for the State.

WHITFIELD, J.—An information charging a felony was filed against Holland in the Court of Record for Escambia County. The court transferred the case to the Circuit Court in the adjoining county of Santa Rosa. The accused was tried in the Circuit Court upon the information and took writ of error to a judgment of conviction of the felony charged.

As to criminal cases the Court of Record for Escambia County has the same jurisdiction that a Criminal Court of Record in any other County has under the constitution. See Secs. 24, 25, 39, 40 and 41, Art. V.

Section 6107, Revised General Statutes of 1920, provides that: ''In all criminal cases pending in any of the criminal courts of record in any county in this State, changes of venue may be had and granted upon the same terms and for the same reasons and grounds and in same manner as is now provided by law for changes of venue in causes pending in the circuit courts. When any change of venue is granted in any cause in any such criminal court of record, the venue shall be changed to the criminal court of record in some adjoining county, if there be one, but if there be no criminal court of record in any adjoining county, the venue shall be changed to the circuit court of some adjoining county; Provided, That the venue in cases of misdemeanor shall be changed to the county court of some adjoining county. if there be a county court therein, and upon such change the original papers in the cause together with a certified copy of the order changing the venue shall forthwith be forwarded by the clerk of the court to which such venue is changed and shall preserve in his office certified copies of all such original papers so transmitted.''

Section 6058 Revised General Statutes of 1920, provides that: ''No person shall be tried for felony in the Circuit Court except upon indictment found by the grand jury, but every misdemeanor of which the circuit court has jurisdiction may be tried upon indictment by the grand jury or upon information filed by the duly authorized prosecuting officer of the circuit court. In the criminal courts of record all criminal cases shall be tried upon information filed by the County Solicitor, and in the county courts

upon information filed by the Prosecuting Attorney or upon indictment by the grand jury."

This latter statute conforms to the constitution. Sec. 10, Declaration of Rights, and Sec. 28, Art. V. Const.

Section 10, Declaration of Rights of the State Constitution, provides that "No person shall be tried for a capital crime or other felony, unless on presentment or indictment by a grand jury, except as is otherwise provided in this constitution." The only exception in felony cases provided for in the constitution, other than impeachment and military trials is that all offenses triable in the Criminal Courts of Record "shall be prosecuted under oath, to be filed by the prosecuting attorney," such courts having jurisdiction of all criminal cases not capital, which shall arise in the counties respectively. Secs. 25 and 28 Art. V.

As the quoted provision of Section 10, Declaration of Rights, is an organic command and not merely a declaration of a constitutional right that may be waived by the party having the right, neither the legislature nor the courts can modify the organic command.

It does not appear that because a charge of felony is *triable* in the court of record on an information, that it may also be tried in a circuit court on an information in view of the constitution and of the specific requirement of the statute.

Section 6058, Revised General Statutes, 1920, expressly provides that "no person shall be tried for felony in the circuit court except upon indictment found by the grand jury." Section 6107 authorizes a change of venue from a criminal court of record to the "circuit court of some adjoining county;" but this does not impliedly modify the

express provision of Section 6058 that mandatorily requires a trial for felony in the circuit court to be only upon indictment found by the grand jury.

The defendant may be indicted in the Circuit Court for Escambia County under Section 28, Art. V, of the Constitution, and the indictment may be transmitted to the Court of Record, and by it sent to the Circuit Court for Santa Rosa County under the order for a change of venue.

As the trial on the felony charge was had in the Circuit Court upon an information and not upon an indictment, the commands of the constitution and Section 6058 Revised General Statutes, were violated.

Reversed.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J. dissent.

WEST, J., dissenting.

Section 10 of the declaration of rights of the constitution forbids the *trial* of any person for a capital crime or other felony unless upon indictment by a grand jury, except as is otherwise provided in the constitution. The exception otherwise provided in the constitution is contained in sections 25 and 28 of Article V., conferring jurisdiction upon criminal courts of record of all criminal cases not capital and making them *triable* upon *"information under oath,* to be filed by the prosecuting attorney."

By section 25 criminal courts of record are given jurisdiction in all criminal cases not capital which shall *arise* in such counties, that is to say, in cases arising in counties

in which such courts are established. By section 28 all offenses *triable* in said courts shall be *prosecuted on information* under oath.

Now, the offense with which the accused in this case is charged did *arise* in Escambia County and he was *informed* against in the criminal court of record of that county. The offense was *triable* in the criminal court of record and therefore it was properly *prosecuted* upon information. Being an offense triable upon information, it is within the exception named in section 10 of the bill of rights.

The fact that subsequently to the filing of the information it was, upon application of the accused, transferred to another county "for trial upon the information" has no effect whatever upon the original fact that it did *arise* in a county having a criminal court of record and was therefore *triable* upon information, and this being true, that is to say, the case being such a one as was *triable* upon information according to the express provision of the constitution, it was properly prosecuted in the court to which it was transferred upon *information.* In other words, the accused was charged with the commission of a crime of such a character as to be within the jurisdiction of the criminal court of record. It was alleged to have been committed within the territorial jurisdiction of such court. The venue was Escambia County. Wherever tried, before a conviction could be sustained the proof must show that it was committed within that county. It was, according to the very letter of the constitution, such a case as was *triable* in that court. Therefore, it is clearly outside the character of cases required by section 10 of the declaration of rights to be *tried* upon indictment by a grand jury, and within the class which may be prosecuted upon information. Being *triable* upon information, where it is actu-

ally tried is, so far as the point here made is concerned, immaterial.

This construction was given, and properly so, to the constitution by the legislature when it enacted the statute providing that "when any change of venue is granted in any cause in any such criminal court of record the venue shall be changed to the criminal court of record in some adjoining county, if there be one, but if there be no criminal court of record in any adjoining county *the venue shall be changed to the circuit court of some adjoining county.*" Sec. 6107, Revised General Statutes.

The inhibition contained in section 6058, Revised General Statutes of 1920, against the trial of a person for felony in a circuit court except upon indictment found by a grand jury, is modified by section 6107 and by the constitutional provisions considered, to such an extent that, construing the statutes together, as should be done, and in the light of the constitution, there is nothing contained therein inconsistent with the views expressed in this opinion. Just as sections 25 and 28 of Article V. of the Constitution constitute the exception to section 10 of the declaration of rights, so sections 6107, Revised General Statutes, will, in order to give effect to both, be read as an exception to section 6058.

The proceedure suggested in the majority opinion convicts the constitution makers of such inadvertence as to command little credence. Offenses within the jurisdiction of criminal courts of record are prosecuted upon information. Criminal prosecutions may be initiated in such courts in no other way. If an accused informed against in such court makes a proper showing for change of venue, he is entitled to a ruling by the court upon his application.

The application should be granted or denied. The opinion holds that the accused may be indicted in the circuit court. This may be true. It is expressly provided for by the constitution (Sec. 28, Art. V.). But in the meantime what is to be done with the prisoner? The circuit court is a tribunal of superior jurisdiction and entirely independent in its action from the criminal court of record. Is the prisoner to remain in custody indefinitely under authority of the capias issued upon the information pending the convening of the grand jury? There is no procedure by which notice may be officially conveyed from one court to the other that the machinery of the criminal court of record has been stayed and that it cannot proceed unless an indictment is found by the grand jury of the circuit court and transmitted to it for prosecution. Who is to say that the grand jury will investigate the case since it is already under prosecotion in the court having jurisdiction to try it? Courts do not possess omniscience and the circuit court may never learn that the processes of the criminal court of record are suspended awaiting action in the circuit court. In the meantime, and during the inchoation and happening of this series of disconnected events, what becomes of the prisoner's constitutional right to demand a speedy trial? (Sec. 11, Declaration of Rights). The opinion assumes, apparently, that this is the procedure contemplated by the framers of the constitution and that after the grand jury has indicted the accused upon the same charge and the indictment has been transmitted to the criminal court of record and a new application for change of venue has been made, if granted, the case may be then transferred to an adjoining county for trial in the circuit court of such county. But such procedure is so circuitous and cumbersome, and so dependent upon various contingencies, and so fraught with probable delays and uncertainty in many

respects, as to render the administration of justice in such cases almost farcical. On the other hand, the procedure pursued in this case seems to be in full accord with applicable constitutional provisions and statutes. It respects every legal right of the accused and credits the makers of the constitution and the members of the legislature with a fair measure of intelligence and a purpose to facilitate the administration of justice by simplicity of procedure.

ELLIS J., concurs.