125 So.2d 565 (1960)
John D. CHAMPLIN, Petitioner,
v.
H.G. COCHRAN, Jr., Director Division of Corrections, State of Florida, and John Kirk, as Sheriff of Palm Beach County, Florida, Respondents.
Supreme Court of Florida.
November 23, 1960.
Rehearing Denied January 16, 1961.
*566 Hal S. Ives (of Ives & Davis), West Palm Beach, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondents.
THORNAL, Justice.
Petitioner Champlin seeks a writ of habeas corpus to obtain his release from imprisonment in the County jail of Palm Beach County.
We must determine whether the failure of a county solicitor to attach an oath to a information is fatal to a conviction after a plea of not guilty and a trial on the merits.
Champlin was convicted of an offense under the child molester law. He appealed to the Court of Appeal, Second District. The judgment of conviction was affirmed. Champlin v. State, 122 So.2d 412. By this original proceeding for a writ of habeas corpus petitioner points out that the county solicitor failed to verify the information filed against him as required by Section 10 of the Declaration of Rights, and, Article V, Section 9(5), Florida Constitution, F.S.A. No attack was made on the information before or during the trial. The initial assault was made in the District Court of Appeal. Having failed there, the petitioner now contends that the requirement of the oath is essential to the validity of an information and that an unsworn information could not possibly sustain a conviction.
To support his claim the petitioner relies on a statement in Holland v. State, 83 Fla. 400, 91 So. 379. This Court did make reference to Section 10 of the Declaration of Rights as it read prior to its amendment in 1934. The opinion stated that this section constituted an organic command and not merely a waiveable constitutional right. This language in Holland v. State, supra, was totally unnecessary to the decision and should be disregarded as obiter dictum. To the extent that the aforementioned language in Holland v. State appears to conflict with anything we now hold, the former language shall hereafter be disregarded.
We think it clear that the principal reason for this requirement is merely to secure good faith on the part of the prosecuting officer. The affidavit is not a part of the charge or the statement of the accusation against the defendant. Being a matter of form a defective affidavit, or the total absence of an affidavit as here, may be waived by failure to make timely objection or by a plea to the merits. Bryan v. State, 41 Fla. 643, 26 So. 1022.
This court has consistently discouraged a policy of delaying objections to matters of form until the late stages of a criminal case. An objection of the nature now under consideration should be made by an appropriate motion to quash prior to the trial. This gives the trial judge and the prosecuting official an opportunity to correct the defect without harm or embarrassment to the defendant. This procedure also avoids the delay and expense that would be attendant upon the granting of such a motion in the late stages of the trial. Certainly, a delay in urging the objection until an appeal or a post conviction habeas corpus proceeding is fatal to any relief that might otherwise be given. Sawyer v. State, 94 Fla. 60, 113 So. 736; Suarez v. State, 95 Fla. 42, 115 So. 519; Young v. State, 97 Fla. 214, 121 So. 468, 27 Am.Jur. 734, Indictments and Information, Section 305 C; People ex rel. Fensky v. Leinecke, Sheriff, 290 Ill. 560, 125 N.E. 513; Abbott *567 Bros. v. United States, 7 Cir., 242 F. 751; Simpson v. United States, 6 Cir., 241 F. 841. We have considered the matter on the petition and brief of the petitioner. We have also heard oral arguments by counsel. The petition is without merit and the writ is denied.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.