PER CURIAM.
The appeals in the above numbered cases were filed by the state from orders of the criminal court of record for Dade County setting aside two prior convictions and sentences of the appellee Mettie Lee Frazier, on his motions under Rule 1.850 CrPR, 33 F.S.A. for relief therefrom.
In one of the cases (appeal No. 70-151) the appellee pleaded not guilty, waived a jury and was tried by the court, on an information charging him with the crime of robbery. On January 16, 1968, he was found and adjudged guilty, and sentenced to confinement in the state penitentiary for a period of 30 years. Mettie Lee Frazier appealed that judgment to this court, which affirmed the judgment on December 10, 1968 (216 So.2d 264).
In the other case (appeal No. 70-152) the appellee was informed against for a separate alleged robbery, to which he initially, pleaded not guilty, later withdrew that plea and pleaded guilty to the lesser offense of assault with intent to commit robbery, of which offense he was adjudged guilty and sentenced to be confined in the state penitentiary for a period of 20 years, less certain jail time served. That judgment and sentence likewise were entered on January 16, 1968.
On December 22, 1969, there was filed on behalf of the appellee, through the public defender’s office, motions under Rule 1.850 CrPR, for relief from the judgments and sentences, consequent upon which the trial court vacated the judgments and sentences in each case on December 30, 1969. The ground upon which such relief was sought, and was granted by the trial court, was that the informations which were signed by the state attorney and bore jurats signed by a deputy court clerk, had not in fact been sworn to before the clerk by the state attorney.
We hold the trial court was in error in entering the orders which are the subjects of these appeals, for the reason that Rule 1.140(g) CrPR which requires that an information be signed by the legally authorized prosecuting attorney under oath, provides: “No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.” See Champlin v. Cochran, Fla.1960, 125 So.2d 565; Champlin v. State, Fla.App.1960, 122 So.2d 412.
Accordingly, the orders challenged in these above styled and numbered appeals are reversed, and the judgments and sentences in these cases which were vacated by such orders are hereby reinstated and restored to full force and effect.
It is so ordered.