434 So.2d 332 (1983)
Reginald Eugene DOBSON and Marvin Taylor, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 82-2370, 82-2476.
District Court of Appeal of Florida, Third District.
June 14, 1983.
Rehearing Denied July 11, 1983.
Bennett H. Brummer, Public Defender and Gelbert, Glass, Durant, Canal & Darby and Joseph Durant, Armstrong & Rohan, Sp. Asst. Public Defenders, for appellants.
Jim Smith, Atty. Gen., and Marti A. Rothenberg, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant was convicted of first-degree murder and attempted armed robbery on the basis of an indictment which he characterizes here as a void "mongrel" pleading  a hereto unknown combined indictment *333 and information.[1] In Count I, it is alleged that the grand jurors present that the defendants killed the victim. In Count II it is alleged that the assistant state attorney, "under oath, further information makes", that the defendants attempted to rob the victim. The indictment is signed by the foreman of the grand jury. The instrument is not signed by the assistant state attorney who made the information as to Count II.
Appellant contends that the defect in the indictment affected the jurisdiction of the court to proceed and that the case must be remanded for a new trial on a proper indictment. The state responds that the error in the indictment is "clerical", and further, relying on Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982), asserts that an objection to any defect was waived because no challenge was made by pretrial motion. We reject both arguments.
Count II of the indictment is void because it is based on the alleged sworn statements of an assistant state attorney, as is the case in an information, but it is not signed by him. Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950); Fla.R.Crim.P. 3.140(g); § 27.181(3), Fla. Stat. (1981).
The invalidation of Count II has no effect on Count I which alleges first-degree murder by premeditated design or felony-murder, is based on a grand jury presentment, and is signed by the foreman of the grand jury. Count I sufficiently informed the defendant of the charges against him so that he would not be embarrassed in the preparation of a defense or be subject to further prosecution for the same offense. Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); State v. Black, 385 So.2d 1372 (Fla. 1980); Fla.R.Crim.P. 3.140(o).
*334 The conviction and sentence for first-degree murder are AFFIRMED; the conviction for attempted armed robbery is REVERSED; the cause is remanded for further proceedings.
NOTES
[1] INDICTMENT
STATE OF FLORIDA
vs. I. FIRST DEGREE MURDER
REGINAL EUGENE DOBSON, II. ATTEMPTED [sic] ARMED ROBBERY
AND MARVIN HOWARD TAYLOR,
DEFENDANTS.

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:
The Grand Jurors of the State of Florida, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Dade, upon their oaths, present that on the 6th day of November, 1981, within the County of Dade, State of Florida, REGINALD EUGENE DOBSON and MARVIN HOWARD TAYLOR, did unlawfully and feloniously, from a premeditated design to effect the death of THOMAS RIZZOTTO, a human being, or while engaged in the perpetration of, or in an attempt to perpetrate Robbery, kill THOMAS RIZZOTTO, a human being, by shooting THOMAS RIZZOTTO with a firearm, to-wit: A Pistol, in violation of Florida Statute 782.04 and 775.087, to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida.
COUNT II
And I, ROBERTO PINIERO, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, REGINALD DOBSON and MARVIN TAYLOR, on the 6th day of November, 1981, in the County and State aforesaid, did unlawfully and feloniously attempt to commit a felony, to wit: Robbery, and in furtherance thereof, the defendants REGINALD DOBSON and MARVIN TAYLOR, did unlawfully by force, violence, assault or putting in fear, attempt to take certain property, to wit: A wedding ban [sic], paid property being the subject of larceny and the property of THOMAS RIZZOTTO, as owner or custodian, from the person or custody of THOMAS RIZZOTTO, and with the intent to permanently deprive THOMAS RIZOTTO [sic] of the said property, and in such attempt did strike THOMAS RIZZOTTO about the body and attempted to remove a wedding band from THOMAS RIZZOTTO'S finger, and in the course of committing said robbery, carried a firearm, to wit: A pistol, in violation of Florida Statutes 812.13 and 777.04(1), to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida.
 /s/ Cornelius Milner
 CORNELIUS MILNER
 FOREMAN OF THE GRAND JURY