PER CURIAM.
One Gregory Lattimer purporting to be a member of the Florida Bar secured a position as an assistant state attorney. While he was employed, he signed as “assistant state attorney” an information charging the appellant with the crime of burglary, which allegedly occurred between December 1, 1981 and January 4, 1982. The appellant was ultimately convicted and an appeal seeking review of this conviction is presently pending under clerk’s file numbered 82-1350. That appeal was dismissed by this court in June 1982 for failure to file appellant’s brief without prejudice to seek a belated appeal pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla.1970). The appeal was reinstated by this court on August 6, 1982. During the period in which the aforementioned appeal was dismissed, the appellant filed in the trial court a motion to vacate pursuant to Rule 3.850 Florida Rules of Criminal Procedure, which was denied. That order is the subject matter of an appeal pending under clerk’s file numbered 83-2011.
We find that the original information was a nullity and void, having been filed by an “imposter” posing as an assistant state attorney,[1] therefore the trial court erred in denying the Rule 3.850 motion and we hereby reverse this order of denial and do hereby vacate the original conviction and sentence and the cause is remanded for further proceedings. See and Compare: Dobson v. State, 434 So.2d 332 (Fla. 3d DCA 1983).
Reversed and remanded with directions.

. It is conceded that Lattimer was an "imposter” and that this fact was not known to the state or defense until after Turner’s trial.