516 So.2d 25 (1987)
Nathaniel HOLT, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-849.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Rehearing Denied December 14, 1987.
Bennett H. Brummer, Public Defender and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Holt, tried and convicted below of cocaine possession, urges here only that the trial court should have granted his motion to dismiss the prosecution, first made after the jury had been sworn, on the ground that the information was not signed by a state attorney. Prior to the trial, however, a newly appointed special assistant public defender had filed a written plea of not guilty. Florida Rule of Criminal Procedure 3.140(g) specifically provides that
[n]o objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.
We see nothing in this provision or otherwise to justify the appellant's claim that there was nevertheless no waiver because the plea in this case was filed after an initial arraignment at which the assigned public defender stood mute and a not guilty plea was entered by the court on Holt's behalf. See Fla.R.Crim.P. 3.170(c). The *26 clear terms of Rule 3.140(g) mandate the determination that the objection and motion came too late.
Affirmed.