NESBITT, Judge.
Morffy was convicted for conspiracy to traffic in cocaine with a firearm, attempted robbery without a firearm, possession of a controlled substance without a firearm, and resisting an officer with violence. Morffy urges that the dispositive point on appeal is that he was tried upon an unsworn information. We agree and reverse.
Through counsel, Morffy timely filed a motion to dismiss the information, pursuant to Florida Rule of Criminal Procedure 3.190(c), on the ground that the assistant state attorney who signed the information was not sworn at the time. The uncontro-verted evidence adduced before the trial court discloses that while the information was signed by the assistant state attorney, the deputy court clerk who also was a secretary in the State Attorney’s office signed the information but failed to administer an oath to the assistant state attorney prior to his signing. Nonetheless, the trial court denied the defendant’s motion to dismiss perceiving the error to be entirely technical in nature.
Article I, section 15, of the Florida Constitution, expressly provides that no person shall be tried for a felony without an information under oath filed by the prosecuting officer. Florida Rule of Criminal Procedure 3.140(g) contains the identical requirement. See also § 923.03(2), Fla.Stat. (1987). It is established that the failure of a prosecutor to correctly execute an information under oath, on timely motion, will result in reversal and discharge of a defendant. See Dobson v. State, 434 So.2d 332 (Fla. 3d DCA 1983) (robbery conviction reversed where the assistant state attorney failed to sign information). Compliance by the state attorney with the requirement of oath cannot be claimed to be an undue burden. This signal requirement exists to awaken the conscience of prosecutors and alert their sensibilities to the care to be used before exercising the power of the office in charging a citizen with a felony. Notwithstanding an eventual acquittal, being charged upon an unfounded accusation may dramatically and unendingly alter a person’s future status in society.
Our holding today is limited to the clear failure of an assistant state attorney to take the required oath before affixing his signature to a felony information and then only where a defendant timely and properly brings that error to the trial court’s attention. We acknowledge the longstanding rule of Champlin v. Cochran, 125 So.2d 565 (Fla.1960) that where a defendant makes no attack on an information before or during trial, the failure of the prosecuting officer to attach an oath to an information is not fatal to conviction after defendant's pleading and trial on the merits. This is true because at this point the verity of the accusatory pleading has been supplied by other means. Because it is unnecessary, we explicitly decline to offer any view as to the possible effect of our holding upon possible defenses of limitation or the speedy trial rule.
For the foregoing reasons, the defendant’s conviction is reversed with directions to discharge him.