FARMER, Judge.
The state appeals from an order dismissing an information. Mandell was charged with possession of cocaine and drug paraphernalia. An assistant State Attorney for the Seventeenth Judicial Circuit certified in the information that testimony had been received under oath from witnesses and that the prosecution was in good faith. The jurat was signed by an employee of the state attorney’s office, who also held an appointment by the Clerk of Court as a deputy clerk.
Mandell moved to dismiss the information, arguing as follows:
The information in this cause failed to contain a proper jurat signed under oath by an assistant state attorney. The jurat was improper because the oath was ad *1384 ministered by a secretary in the Office of the State Attorney, who had been specially deputized as a deputy clerk for that purpose. As a State Attorney employee, an executive branch position, the secretary violated the provisions of Article II, Section 3 of the Florida Constitution by exercising the power of the clerk which appertained to another branch of government, the judicial branch. The oath was also insufficient because it was not administered in a proper manner as required by law.
At a hearing on the motion to dismiss, the trial court held:
It’s my position that it has to be that the Information has to be notarized by a duly authorized notary of the State of Florida. And the fact that that person may or may not also be cross-designated as a deputy clerk is of no consequence. So in view of the fact that it’s indicated that this person is not a notary, I’m going to have to respectfully grant your motion to dismiss the information.
We disagree with the court’s conclusion that an oath must be administered by a notary public.
Rule 3.140(g), Florida Rules of Criminal Procedure, merely requires that the information be “under oath.” Section 923.03(2), Florida Statutes (1991), in turn, requires that the oath be made “before some person qualified to administer an oath.” Section 92.50(1), Florida Statutes (1991), provides in pertinent part:
92.50 Oaths, affidavits, and acknowledgments; who may take or administer; requirements.—
(1) IN THIS STATE. — Oaths, affidavits, and acknowledgments required or authorized under the laws of this state (except oaths to jurors and witnesses in court and such other oaths, affidavits and acknowledgments as are required by law to be taken or administered by or before particular officers) may be taken or administered by or before any judge, clerk, or deputy clerk of any court of record within this state, including federal courts, or before any United States commissioner or any notary public in this state.
* * * jjc * #
Under the plain language of this unambiguous statute, this particular oath, not being required by section 923.03(2) to be administered by any designated official, could have been properly administered by any deputy clerk. As this oath was indeed administered by a deputy clerk, it was not made improper simply because a notary public did not also participate.
The trial court also reasoned: [W]hen we’re talking about a clerk of the court vis-a-vis the State Attorney, it’s my viewpoint that we’re talking two different branches of government *. * *. I mean, the judiciary is one branch. I contemplate and view the clerk of the court as being part of the judicial branch and the State Attorney to be part of the executive branch.”
While we find no error in the trial court’s conclusion that the state attorney’s office is part of the executive branch of government, see State v. Bloom, 497 So.2d 2 (Fla.1986), we do not see how the state attorney’s place in our organizational scheme of government yields an impropriety in the information.
The state argues that the state attorney’s office is part of the judicial branch because state attorneys are listed under Article V of the Florida Constitution, which is entitled “Judiciary.” That may be true but it is hardly dispositive. In fact, under Article II, section 3, Florida Constitution, a single person may exercise the powers of two branches of government where it is expressly so provided in the constitution. The placement of the state attorney within the judiciary article necessarily reflects the dual role of that official.
When exercising his discretion whether to prosecute, he is exercising executive (or Article IV) powers; when performing the court functions of his office, he exercises (in part) powers subject to the control of the judiciary. Cf. Fulk v. State, 417 So.2d 1121, 1125-27 (Fla. 5th DCA 1982) (Cowart, J., specially concurring) (for fiscal and oth *1385 er purposes state attorneys and public defenders are part of judicial branch).
As we view it, the pertinent issue in this case is whether an employee of the state attorney’s office, who is also a deputy clerk to facilitate the administration of oaths to assistant state attorneys, should be deemed, for Article II, section 3 purposes, to be improperly exercising powers pertaining to two branches of government. We conclude that there is no constitutional violation under these circumstances.
To be sure, Mandell makes no contention that the effectiveness of the oath, as an oath, was somehow lessened merely because the office deputy clerk administered it. Indeed, her counsel conceded at oral argument that there would have been no challenge to the information if the secretary had administered the same oath in the same way, but in the capacity only as a notary public. Hence, Mandell’s reliance on Morffy v. State, 534 So.2d 733 (Fla. 3d DCA 1988), is misplaced.
In that case, the assistant state attorney who signed the information was not sworn at all. In this case, the assistant state attorney was sworn, a key fact that distinguishes Morffy,[1] Whether the secretary administered the oath as a notary public or as a deputy clerk, there is no allegation in this case that the assistant state attorney did not have his conscience quickened by an oath administered by a state attorney’s office deputy clerk.
Mandell also argues that the incompatibility doctrine precludes the state attorney’s clerk from also being a deputy clerk of court, or from holding two offices at once. See Gryzik v. State, 380 So.2d 1102 (Fla. 1st DCA), rev. denied, 388 So.2d 1113 (Fla.1980). According to the First District:
Incompatibility exists “where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another.” * * * If the duties of the two offices are such that when “placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible.”
380 So.2d at 1104. We are unable to find anything incompatible between serving as clerical staff in the state attorney’s office and, at the same time, holding an appointment as a deputy clerk to administer oaths to the assistant state attorneys — especially because this secretary could just as easily have held a commission as a notary public and administered the same oath, with the same words, in the same way.
We therefore reverse the dismissal of the information and remand for proceedings not inconsistent with the views expressed in this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
POLEN and GARRETT, JJ., concur.

. We note in Morffy that the person who signed the information — but failed to administer the oath — was a deputy court clerk who was also a secretary in the state attorney's office. The Third District does not seem to have been alarmed by the fact that the secretary, qua deputy clerk, was improperly administering an oath under those circumstances.