PER CURIAM.
This is an appeal by the defendant Mark Mapp from a judgment of conviction and sentence for trafficking in cocaine, which was entered below upon an adverse jury verdict. We reject the defendant’s sole contention on appeal that the trial court erred in allowing the state’s exercise of a peremptory challenge against a black juror after a Neil inquiry, and affirm. We reach this result because, simply stated, the defendant clearly accepted the validity of the state’s explanation for the exercise of the subject peremptory challenge, as the defendant had himself offered precisely the same explanation for his prior exercise of a peremptory challenge against a Latin juror, and thus has waived the point for appellate review. See Floyd v. State, 569 So.2d 1225, 1229-30 (Fla.1990), cert. denied, — U.S. —, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991); Bowden v. State, 588 So.2d 225, 229. (Fla.1991), cert. denied, — U.S. —, 112 S.Ct. 1596, 118 L.Ed.2d 311 (1992).
We recognize that the reason given by both parties for their respective exercise of peremptory challenges was not race-neutral — namely, a desire to reach a more favorable juror on the panel, when no race-neutral reason was given for having challenged a black or Latin juror, as opposed to a white juror, in order to accomplish this purpose. Kibler v. State, 546 So.2d 710, 714 (Fla.1989); Smellie v. Torres, 570 So.2d 314, 316-17 (Fla. 3d DCA 1990), rev. *101 denied, 582 So.2d 624 (Fla.1991); Foster v. State, 557 So.2d 634, 636 (Fla. 3d DCA 1990). Nonetheless, both parties accepted the validity of this reason at trial when given as an explanation for a peremptory challenge, and therefore they have both waived the issue for appellate review. The defendant, having exercised a peremptory challenge against a Latin juror based on this reason and having acquiesced in the validity of the state’s use of a peremptory challenge against a black juror for the same reason, cannot now change his position and argue for the first time on appeal that the state’s peremptory challenge should have been disallowed; plainly, the defendant has waived the issue for appellate review. See Castor v. State, 365 So.2d 701, 703 (Fla.1978); McPhee v. State, 254 So.2d 406, 409-10 (Fla. 1st DCA 1971).
Affirmed.