630 So.2d 1163 (1993)
Ricardo MONTANEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2381.
District Court of Appeal of Florida, Third District.
December 21, 1993.
Rehearing Denied February 22, 1994.
Rehearing Stricken March 31, 1994.
Bennett H. Brummer, Public Defender, and Anthony C. Musto, Sp. Asst. Public Defender, for appellant.
*1164 Robert A. Butterworth, Atty. Gen., and Randall Sutton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J.[*], and JORGENSON and LEVY, JJ.
PER CURIAM.
The single issue we address is whether failure of an assistant state attorney to sign an information voids the charging document. In Dobson v. State, 434 So.2d 332 (Fla. 3d DCA 1983), we held that an unsigned information was void, citing Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950). Subsequent to Sullivan, the supreme court adopted Florida Rule of Criminal Procedure 3.140(g), which provides that an objection to the lack of a proper signature on an information is waived if the defendant fails to raise the issue prior to pleading to the substantive charges. The objection, made for the first time in this appeal, is untimely. See Holt v. State, 516 So.2d 25 (Fla. 3d DCA 1987) (motion to dismiss prosecution on ground that information was not signed by state attorney, made after public defendant had filed written plea of not guilty, was untimely).
The remaining points on appeal are without merit.
Affirmed.
NOTES
[*] Chief Judge Schwartz did not hear oral argument but participated in the decision.