PER CURIAM.
This is an appeal by the State of the trial court’s order granting the defendant’s motion to suppress. We reverse.
The facts are that on August 26, 1994 at 7:30 p.m., Robert Duby, an off-duty Florida Marine Patrol officer was driving a personal vehicle in his neighborhood when he observed the defendant run out from behind a church and in front of Duby’s vehicle at an extremely fast pace. Duby testified that the defendant appeared to be running from “someone or something.” At the time, the defendant was holding his left side as if he was trying to conceal something. Duby observed a bulge on the left side of the defendant’s shirt. Based upon his experience as a law enforcement officer, Duby believed the bulge to be either a weapon or at the very least, some form of contraband.
Duby described his neighborhood as a subdivision consisting of twenty homes, six of which were owned by police officers. He knew virtually all of the residents in his neighborhood and did not recognize the defendant as a resident. Duby further testified that two weeks prior to his encounter with the defendant, several homes including his own were burglarized. Among the items taken were various weapons and ammunition.
Duby decided to follow and stop the defendant. Duby identified himself as a law enforcement officer and asked the defendant where he was going. The defendant replied that he was going to visit a friend. At the time, Duby again noticed the bulge underneath the defendant’s shirt and asked whether the defendant “had anything on him.” When the defendant responded no, Duby lifted the defendant’s shirt approximately six inches and saw the butt of a .22 pistol. Duby removed the weapon and escorted the defendant to the residence of a neighboring police officer.
*621 The defendant was subsequently charged with carrying a concealed firearm and loitering and prowling. Defendant filed a motion to suppress based solely upon Dub/s failure to conduct a “pat down” search prior to lifting the shirt.[1] The trial court granted the motion, finding that although the officer acted completely reasonable under the circumstances, the officer did not utilize the least intrusive method in conducting a search of the defendant.
The State contends that since the officer lifted the shirt at the exact spot where he observed a bulge and where he believed a weapon to be concealed, the search was limited in scope and conducted only to the extent necessary to disclose the weapon and secure the officer’s safety. Thus, according to the State, the search was reasonable and the trial court erred in granting the motion to suppress. We agree. In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the United States Supreme Court found that an officer’s conduct in reaching the spot where a gun was thought to be hidden without first conducting a pat down, was a limited intrusion designed to insure the officer’s safety and was, therefore, reasonable. Similarly in the instant case, we conclude the officer’s conduct in directly removing only what he reasonably believed to be a weapon or contraband under the circumstances of this ease was completely reasonable. It is evident that an initial pat down search of the defendant would have been an exercise in futility in this case.
Reversed and remanded for proceedings consistent herewith.

. The defendant never challenged the reasonableness of the initial stop. Nor did the defendant argue below that Duby was off-duty and had no authority, either as an officer or as a private citizen, to effectuate an out-of-territorial jurisdiction stop and frisk in Florida. Since these arguments were never raised below, they will not be entertained for the first time on appeal. Pulles v. State, 641 So.2d 521 (Fla. 3d DCA 1994); Montanez v. State, 630 So.2d 1163 (Fla. 3d DCA 1993), rev. denied, 639 So.2d 979 (Fla.1994); Mapp v. State, 613 So.2d 100 (Fla. 3d DCA 1993).