717 So.2d 554 (1998)
Frederick COLSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2016.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
*555 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged, pursuant to an information, with firearm carjacking. In the space provided for the prosecutor's signature, someone wrote, "State refused to sign." Appellant plead not guilty without objection to the absence of the state attorney's signature on the information. The jury convicted him of the lesser included offense of grand theft. The court sentenced him to the maximum punishment of ten years incarceration with a minimum of five years due to his habitual offender status. Appellant has failed to demonstrate reversible error in the points raised on appeal. However, his argument that the State's refusal to sign the information constitutes fundamental error merits discussion.
The validity of an information not signed by the state attorney may only be attacked upon a timely objection. Gerlaugh v. Florida Parole Comm'n, 139 So.2d 888 (Fla.1962). A defendant waives a defect in the information if he fails to object before pleading to the substantive charges. In Montanez v. State, 630 So.2d 1163 (Fla. 3d DCA 1993), the court considered the issue of "whether failure of an assistant state attorney to sign an information voids the charging document":
In Dobson v. State, 434 So.2d 332 (Fla. 3d DCA 1983), we held that an unsigned information was void, citing Sullivan v. Leatherman, 48 So.2d 836 (Fla.1950). Subsequent to Sullivan, the supreme court adopted Florida Rule of Criminal Procedure 3.140(g), which provides that an objection to the lack of a proper signature on an information is waived if the defendant fails to raise the issue prior to pleading to the substantive charges. The objection, made for the first time in this appeal, is untimely.
Montanez, 630 So.2d at 1164. In Holt v. State, 516 So.2d 25 (Fla. 3d DCA 1987), a defendant moved to dismiss the charges against him because an information had not been signed by a state attorney. Id. The district court affirmed because he made his motion after the jury had been sworn: "The clear terms of Rule 3.140(g) mandate the determination that the objection and motion came too late." Id. at 25-26.
Appellant argues that the trial court lacked jurisdiction because the information was defective. He relies on State v. Anderson, 537 So.2d 1373 (Fla.1989), and Hunter v. State, 358 So.2d 557 (Fla. 4th DCA), cert. denied, 365 So.2d 712 (Fla.1978), to support his argument that the defect in this information should be deemed fundamental error. In Anderson, the Florida Supreme Court stated that "jurisdiction to try an accused does not exist under article I, section 15 of the Florida Constitution unless there is an extant information, indictment, or presentment filed by the state. It is also well settled that the parties may not confer jurisdiction on a court." 537 So.2d at 1374. Anderson is distinguishable because the court was describing a situation in which there was no information or indictment. Here, there was an information describing a felony which conferred subject matter jurisdiction on the circuit court. Hunter is also distinguishable because in that case, as a result of confusion about the constitutionality of Florida's death penalty statute, the prosecutor mistakenly filed an information charging first degree murder rather than seeking a grand jury indictment. 358 So.2d at 558. There having been no indictment whatsoever, that case is distinguishable for the same reason as Anderson.
*556 Appellant also incorrectly argues that constitutional requirements for informations may not be waived; a defendant can waive a constitutional defect. Bryant v. State, 650 So.2d 68, 70, n. 3 (Fla. 5th DCA 1994)(stating that double jeopardy protections and the right to a speedy trial may be waived), rev. denied, 659 So.2d 270 (Fla. 1995). Constitutional double jeopardy protections can be waived in a plea agreement if a defendant bargains for the terms and is aware of the length and nature of the sentences. See Melvin v. State, 645 So.2d 448 (Fla.1994); Novaton v. State, 634 So.2d 607 (Fla.1994).
Appellant has failed to demonstrate fundamental error, and he has also failed to demonstrate reversible error. In the trial court, he did not at any time object to the State's refusal to sign the information. "A defendant may not thwart the ends of justice by sitting on a technical defect which has occasioned him no prejudice, holding it in reserve as a trap to spring on the State in the event the jury renders an adverse verdict." Asmer v. State, 416 So.2d 485, 487 (Fla. 4th DCA 1982).
Accordingly, we affirm appellant's conviction and sentence.
DELL, WARNER and KLEIN, JJ., concur.