730 So.2d 382 (1999)
Gregory Clement BYRD, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2592.
District Court of Appeal of Florida, Third District.
March 31, 1999.
Gregory Clement Byrd, in proper person.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, for appellee.
Before COPE, LEVY, and SORONDO, JJ.
PER CURIAM.
Gregory Clement Byrd appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Defendant-appellant Byrd was convicted after jury trial of the charge of aggravated battery with a firearm (Count I), and entered a guilty plea to the severed charge of possession of a firearm by a convicted felon (Count II). He seeks postconviction relief with respect to both claims.
Because of the severance, the convictions on the two counts became final at different times. With respect to Count II, the Rule 3.850 motion was filed beyond the two-year limit, and therefore we affirm the denial of postconviction relief on that count. See Fla. R.Crim. P. 3.850(b).
With regard to Count I, defendant contends that his trial counsel was ineffective for *383 failing to raise the defense of statute of limitations. The record now before us does not conclusively refute this claim, See Fla. R.App. P. 9.140(i), and the State concedes that the defendant is entitled to a hearing on it.
Defendant also contends that he went to trial on an unsigned information, and that this is a basis for postconviction relief. To begin with, the 3.850 motion is facially insufficient on this point, because it does not clearly allege that the defendant ever actually examined the original information in this cause.[1] In any event, "No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits." Fla. R.Crim. P. 3.140(g); see Colson v. State, 717 So.2d 554 (Fla. 4th DCA 1998); Montanez v. State, 630 So.2d 1163 (Fla. 3d DCA 1993); Holt v. State, 516 So.2d 25 (Fla. 3d DCA 1987). The rule exists because this is the type of defect which could readily be cured if timely raised in the trial court. Defendant relies on Turner v. State, 444 So.2d 974 (Fla. 3d DCA 1984), but (a) it involved a signed information executed by an unauthorized person, not (as alleged here) an unsigned information, and (b) there is no indication that Rule 3.140 was raised or considered in connection with that case.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The clerk of the circuit court, in preparing the record in defendant's direct appeal to this court, filed a certificate stating that the original information could not be located in the court records.