977 So.2d 643 (2008)
STATE of Florida, Appellant,
v.
Will Beacham PERKINS, Appellee.
No. 5D07-1318.
District Court of Appeal of Florida, Fifth District.
February 15, 2008.
Rehearing Denied March 31, 2008.
*644 Bill McCollum, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellee.
PLEUS, J.
The State appeals from an amended order dismissing a criminal prosecution pursuant to Florida Rule of Criminal Procedure 3.140.
The defendant was charged by information with driving while license suspended or revoked, having been twice previously convicted of the offense of driving while license suspended, a third degree felony. At arraignment, the defendant pled not guilty. Thereafter, the defendant filed a motion to dismiss, claiming that the information was not properly sworn. The trial court agreed, granted the motion and then entered an amended order dismissing the case.
On appeal, the State argues that the trial court erred in entertaining the motion under Florida Rule of Criminal Procedure 3.140(g), where the defendant pled to the merits, and further that the information was supported by sworn testimony and was otherwise valid. We agree with both contentions and accordingly, reverse.
On August 17, 2006, the defendant was stopped while driving a vehicle with an expired tag. When Deputy Blankenship ran a computer check of the defendant, he discovered that the defendant's driver's license was not valid. The deputy arrested the defendant for driving while license suspended and charged him by issuing a traffic citation.
After obtaining a copy of the defendant's driving record, the prosecutor learned that the defendant had two prior convictions for driving while license suspended and charged the defendant by sworn information with one felony count of driving while license suspended after two prior convictions. *645 The defendant was arraigned on January 24, 2007, and entered a plea of not guilty.
On February 5, 2007, the defendant filed a motion to dismiss the information on the basis that Deputy Blankenship's charging affidavit did not contain sworn testimony that the defendant had two or more prior convictions for driving while license suspended. It further asserted that "counsel for the defendant is unaware of any testimony, taken under oath, that formed the basis of the enhanced charges."
On March 8, 2007, the State filed a motion requesting the court take judicial notice of the defendant's driving record.
On April 3, 2007, a hearing on the motion to dismiss was held. Defense counsel asserted that under Rule 3.140, the State was only permitted to charge a defendant with a felony based on testimony taken under oath. Defense counsel argued that the only testimony that had been taken was the charging' affidavit of Deputy Blankenship, which did not mention the defendant's prior record. The State countered that the information was based on the defendant's driving record as well as the charging affidavit.
The trial court asked defense counsel why he entered a plea of not guilty if he wanted to challenge the information, noting that Rule 3.140(g) states that no objection to an information on the ground that it was not signed or verified can be entertained after the defendant pleads to the merits. Defense counsel informed the court that he brought this issue to the attention of the court at arraignment and the court stated it remembered so.
The court then announced:
All right. I'll grant the motion. I think we should have extended the arraignment and not entered any formal plea, but I do recall the discussion at the bench on that day when we were here for arraignments. I know the State wasn't  was a different State Attorney; they weren't here. But based on that, I  think your point is well taken. You did alert  alert us to the issue that you were going to be filing the motion, so I'll find that it does fall without the excusatory language of (g) at the very end. So I'll grant the motion.
The standard of review of a trial court order on a motion to dismiss is de novo. State v. Walthour, 876 So.2d 594 (Fla. 5th DCA 2004).
Florida Rule of Criminal Procedure 3.140(g) provides:
Signature, Oath and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good fair in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entered after the defendant pleads to the merits.
It has long been Florida law that technical deficiencies or defects in form may be waived by failure to make timely objection or by a plea to the merits. Champlin v. Cochran, 125 So.2d 565 (Fla. 1961); Bryan v. State, 41 Fla. 643, 26 So. 1022 (1899). Rule 3.140(g) adopts this law in connection with issues relating to signing and verifying informations.
*646 The contention that a defendant can plead to an information, yet nevertheless reserve the right to thereafter challenge technical deficiencies relating to signing or verification of the information, runs counter to the clear language of Rule 3.140(g). The reason for this procedural rule precluding objections to an information on the ground that it was unsigned or unverified after the defendant pleads to the merits of the cause is because such a defect can readily be cured if timely raised. Byrd v. State, 730 So.2d 382 (Fla. 3d DCA 1999). Under the defendant's position, at what point would a purported reservation of the right to challenge these technical deficiencies expire? Rule 3.140(g) creates a clear line of demarcation, requiring technical challenges relating to the signing or verification of aspects of an information be brought before the defendant enters a plea to the merits or they are otherwise waived. Once a defendant pleads to the information, he can no longer object to the document on the ground that it was not properly signed or verified. To assert otherwise is to ignore the clear language of the rule. Not only was the defendant's motion untimely, it also lacked merit.
Article I, section 15(a) of the Florida Constitution, requires that an information charging a felony be made under oath:
No person shall be tried for capital crime without presentment or indictment by a grand jury, or for other felony without such' presentment or indictment or an information under oath filed by the prosecuting officer of the court. . . .
Rule 3.140(g) further amplifies this provision by providing in relevant part that:
An information charging the commission of a felony shall be signed by the state attorney or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. . . .
The instant information was signed under oath by assistant state attorney James Dozier stating his good faith in filing the charge. It further recounts that Dozier received testimony under oath "from the material witness or witnesses, which if true would constitute the offense herein." This reference was to the charging affidavit of Deputy Blankenship which averred that the defendant had been stopped for an expired tag and that during the stop, it was learned that the defendant's drivers license was suspended, that defendant admitted he knew his license was not valid, and the deputy arrested him.
The defendant notes that Deputy Blankenship's charging affidavit does not mention any other prior convictions for driving while license suspended and asserts that in the absence of sworn testimony to this effect, the felony charge could not be maintained. The State, however, claims the certified copy of the defendant's driving record is sufficient.
In State v. Hartung, 543. So.2d 236 (Fla. 5th DCA 1989), this Court was confronted with the question of whether one who signs an information charging a felony must personally administer the oath to, and personally question and see and hear the testimony of the material witness or witnesses upon which charges are based. In answering this question in the negative, Judge Cowart explained for the Court as follows:
We hold that the testimony of such witnesses may be sworn to before anyone authorized to administer oaths and their testimony under oath may be given out *647 of the presence of the state attorney or his designated assistant, and that sworn testimony documented or evidenced stenographically or electronically in the form of affidavits, depositions, video tapes, magnetic tapes, or otherwise, and the evidence of the sworn testimony of such material witnesses may be "received" and considered by the state attorney or his designated assistant who may then properly certify that he has "received testimony under oath from the material witness or witnesses for the offense" as provided in Florida Rule of Criminal Procedure 3.140(g).
543 So.2d at 237 (footnotes omitted).
The State points out that certified copies of the Department of Highway Safety and Motor Vehicles driving records are competent evidence, Kohler v. State, 534 So.2d 1213 (Fla. 5th DCA 1988), and are self-authenticating. Card v. State, 927 So.2d 200 (Fla. 5th DCA 2006). While this is true, it does not answer the question of whether such records, which themselves are unsworn,[1] satisfy the requirements of Rule 3.140(g). The defendant argues that they do not, and that the felony charge was not adequately supported by sworn testimony.
It is undisputed that assistant state attorney Dozier relied on the sworn affidavit of Deputy Blankenship and it is clearly evident that Dozier relied on the certified driving record of the defendant because the information specifies the actual dates of the defendant's previous convictions for driving while license suspended. Further, the State filed a motion requesting the court take judicial notice of the defendant's driving record before the hearing on the motion to dismiss. Dozier swore to his good faith in bringing the felony charge and it is unclear what additional sworn testimony the defendant deems was necessary under Rule 3.140(g). How would the requirement of the rule be in any way enhanced by making personnel with the Department of Highway Safety and Motor Vehicles or the investigating police officer swear to the content of the defendant's certified driving record? Such person would not even have personal knowledge that the defendant actually committed those prior offenses so that such an oath would essentially be worthless. Surely the prosecutor was not required to obtain affidavits from people who would have had first-hand knowledge with regard to those prior offenses, offenses which were committed years earlier. The prosecutor could rely on the certified copy of the defendant's driving record. The prosecutor's oath that he received testimony under oath "which, if true, would constitute the offense herein," and that the prosecution was filed in good faith was sufficient. The trial court erroneously dismissed the information.
The amended order dismissing the felony information is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
PALMER, C.J., and MONACO, J., concur.
NOTES
[1] The driving record contained the following certification:

In compliance with section 322.201, F.S., I Lydia Gardner, Clerk of the Circuit Court County of Orange, State of Florida, do hereby certify that this is a true and correct machine imprint transcript of the above named subject's driving record as taken from the official records on file with the Department of Highway Safety and Motor Vehicles.